19-2838
Singh v. Garland

BIA
Loprest, IJ
A205 586 444

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-one.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

GURDEV SINGH,
> *Petitioner,*

v.                                                    19-2838
                                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Deepti Vithal, Esq., Richmond
                             Hill, NY.

FOR RESPONDENT:              Joseph H. Hunt, Assistant Attorney
                             General; Derek C. Julius,
                             Assistant Director; Karen L.

Melnik, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurdev Singh, a native and citizen of India, seeks review of an August 6, 2019 decision of the BIA affirming a November 30, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Gurdev Singh,* No. A 205 586 444 (B.I.A. Aug. 6, 2019), *aff'g* No. A 205 586 444 (Immig. Ct. N.Y. City Nov. 30, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA and do not consider the findings that the BIA did not rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Here, we review the IJ's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

2

(2d Cir. 2018). We defer to that determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant. . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Singh claimed that he was threatened and assaulted by Congress Party members and a police officer on account of his political opinion. The agency's determination that this claim was not credible is supported by substantial evidence. The agency reasonably relied on Singh's inconsistent accounts of past harm by the police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). During the credible fear interview—

3

which was memorialized in a typewritten list of questions and answers, was conducted with an interpreter, and reflects that Singh understood the questions about past harm and fear of future harm, *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009)—Singh confirmed that he had not been harmed by or had problems with the police. But during his hearing, Singh testified that a police officer slapped him and threatened him with arrest and detention. Singh's explanation for the inconsistency—that the telephonic interpreter at his interview was sometimes not clear or audible and that he did not think a slap constituted mistreatment—does not "demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (quotation marks omitted)).

In finding that Singh was not credible, the agency also properly relied on Singh's inconsistent testimony concerning his 2010 visa application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh testified that he applied for asylum while in India, but denied that he had applied for a tourist visa until he was confronted with the record of his application, which pre-dated his alleged political activity.

4

The agency's adverse credibility determination is bolstered by the IJ's determination that Singh's demeanor undermined his credibility. We accord particular weight to that finding here. *See Majidi*, 430 F.3d at 81 n.1 ("[a] fact-finder who assesses testimony together with witness demeanor is in the best position to discern . . . whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events" (internal quotation marks omitted)). The record supports the finding because the interpreter told the IJ that Singh was sometimes "mumbling" and the IJ noted on the record that Singh had "his head down in his chest" on cross-examination, which was a change from his demeanor on direct examination.

These inconsistency and demeanor findings constitute substantial evidence for the adverse credibility determination. *See Hong Fei Gao*, 891 F.3d at 76; *Xiu Xia Lin*, 534 F.3d at 165–66.[1] That determination is dispositive

---

[1] We do not rely on the agency's finding that Singh testified inconsistently about how many times he was threatened because the findings discussed above constitute substantial evidence for the agency's decision. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir. 2006).

5

of asylum, withholding of removal, and CAT protection because the claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Singh's due process claim fails because he has not alleged "cognizable prejudice" resulting from the untranslated and indiscernible statements. *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court